**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4722**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

AMY FRENCH,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.   Irene C. Berger,
District Judge.  (1:09-cr-00118-1)

———————

Submitted:  January 4, 2013          Decided:  January 16, 2013

———————

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Lex A. Coleman, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant. R. Booth
Goodwin II, United States Attorney, John L. File, Assistant
United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Amy French appeals the nine-month sentence imposed upon revocation of her supervised release. On appeal, French contends that her nine-month sentence is plainly unreasonable. We affirm.

We will affirm a sentence imposed following revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006).[*] In determining whether a revocation sentence is unreasonable, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438. Only if we conclude that the sentence is procedurally or substantively unreasonable must we decide whether it is plainly so. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

French's sentence is below the statutory maximum of twenty-four months for a Class C felony. See 18 U.S.C. § 3583(e)(3) (2006). Further, the sentence is procedurally reasonable because the district court considered both the Chapter 7 policy statements and the 18 U.S.C.A. § 3553(a) (West Supp. 2011) factors that it was permitted to consider. See

---

[*] We decline French's invitation to revisit the "plainly unreasonable" test established by our decision in Crudup.

Crudup, 461 F.3d at 438-40.  Finally, the sentence is substantively reasonable, because the district court sufficiently explained its reasons for imposing the sentence, emphasizing the breach of trust that French had committed by coming before the district court again after a previous violation of her supervised release and French's apparent inability to remain in court-mandated drug treatment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

3